Lois CARWILE, Plaintiff-Appellee,

v.

PUBLIC SERVICE COMPANY OF INDIANA, INC., Defendant-Appellant.

No. 13889.

United States Court of Appeals
Seventh Circuit.

April 5, 1963.

Charles E. Duncan, Duncan & Lehnig, Louisville, Ky., for appellant.

Nicholas L. Leist, New Albany, Ind., H. Solomon Horen, Josephine Hughett, Louisville, Ky., for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Lois Carwile, brought suit in the United States District Court to recover damages from defendant, Public Service Company of Indiana, Inc., occasioned by the alleged negligence of defendant's driver. Trial by jury resulted in a verdict for plaintiff. The jury assessed her damages at $11,500.

Judgment was entered for plaintiff in that amount.

In its appeal from the judgment, defendant contends that the original Complaint and the first Amended Complaint both failed to establish jurisdiction (by reason of diversity of citizenship) in the District Court. Defendant argues that the Second Amended Complaint, tendered· more than two years after the cause of action accrued, or after the running of the pertinent statute of limitations, and after trial, verdict and judgment, cannot remedy the defect, on the theory that such amendment was not the cure of a mere technical defect, but constituted the statement of original jurisdictional facts.

Defendant further contends that prejudicial error occurred through a conversation during a recess of the Court, between plaintiff and her physician, within the possible hearing of one of the jurors.

Defendant does not deny that jurisdictional facts did exist in this case. Defendant contends that they were not timely and aptly alleged. Plaintiff is a resident citizen of Kentucky. Defendant is an Indiana corporation with its principal place of business in Indiana.

In her original Complaint, plaintiff alleged that she was "a resident of McDaniels, Breckenridge County, Kentucky;" and was such a resident at all times thereinafter mentioned. She described defendant as follows:

"Public Service Company of Indiana, Inc., is a corporation, with its principal *offices* at 1000 East Main Street, Plainfield, Indiana; * * *" [Emphasis added.]

In her Amended Complaint, which reaffirmed all allegations of the original Complaint which were not inconsistent with the Amended Complaint, plaintiff asserted jurisdiction to be founded on diversity of citizenship, and described herself as:

"* * * a citizen of the State of Kentucky, residing at McDaniels, Breckinridge County, Kentucky."

She described defendant as follows:

"Defendant, Public Service Company of Indiana, Inc., is, and was at all times hereinafter mentioned, a corporation organized and existing under the laws of the State of Indiana, with power to sue and be sued, * * * The principal *office* of said Defendant is, and was at all times hereinafter mentioned, 1000 East Main Street, Plainfield, Hendricks County, Indiana." [Emphasis added.]

In its Answer to the original and Amended Complaint, defendant expressly admitted that the District Court had jurisdiction of the subject matter and the parties. The District Court's Pre-trial Order, entered after a pre-trial hearing, was expressly approved by counsel for defendant. It includes the following statement:

"On inquiry by the court, the parties informed the court there was no question of jurisdiction of the subject matter or of the parties."

After entry of judgment, defendant filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, but did not raise the issue of jurisdiction.

After denial of the aforesaid motion, defendant did suggest the defective jurisdictional allegation. The following day, plaintiff served notice of her intent to file a Second Amended Complaint. Defendant served notice of appeal, however, terminating the District Court's jurisdiction. This Court allowed plaintiff to file (and make a part of the record) her Second Amended Complaint in which she alleges:

"At all times mentioned in this action, the principal *place of business* of the Defendant, Public Service Company of Indiana, Inc., was located in the City of Plainfield, Hendricks County, State of Indiana." [Emphasis added.]

thus curing the defect.

■ In our considered opinion, this case falls within the scope of Title 28, U.S.C. § 1653:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

It is evident that jurisdiction did in fact exist. Defendant has in no way been prejudiced by the defective allegations of the original and Amended Complaints, which have now been cured by amendment.

■ During a recess of the Court, the jurors were permitted to remain dispersed throughout the courtroom. Defendant asserts that plaintiff and her physician, who had been a witness in the trial, carried on a conversation during the recess of Court, within six or seven feet of one of the jurors. Defendant contends that the juror could have overheard the conversation, the nature of which is unknown to defendant. This fact was promptly made known to the Trial Judge. Plaintiff's counsel told the Court that the topic of conversation was unrelated to the issues of the case or the physician's testimony, and suggested that the juror in question be examined in chambers by counsel, or the Court, as to what she might have overheard. Counsel for defendant objected to this procedure on the ground that it would only "emphasize the prejudice of the matter."

The Trial Judge, himself, recalled seeing the juror in question engaged in a conversation of her own with another person during part of the time of the alleged conversation between plaintiff and her physician. He overruled defendant's motion for dismissal, adding the following explanation:

"The Court's observation on that is that plaintiff has formally moved the Court to bring the Juror into chambers and interrogate her as to, first of all, whether she heard anything and, secondly, what she did hear, if anything, and the defendant has objected to that procedure and, because of such objection, it will not be followed. Since, however, the defendant has objected to the finding out what, if anything, the Juror really did hear of the conversation, the

Court cannot indulge in the presumption that it was either in relation to the case or that it was overheard under the circumstances as described in part by Counsel and as assumed by the Court's own observations."

Under the circumstances, we cannot agree that prejudicial error was committed.

We have considered with care all defendant's arguments and the authorities cited in support of defendant's position. We do not deem it necessary to comment further than to say that none of them alters our conviction that the judgment of the District Court must be affirmed.

Affirmed.