**Addie Sue BROWN, Annie Bell Harris, Charles Hosley, Samuel Johnson, Roscoe Jones, Alvin Packer, George Smith, Lelia Waterhouse and Freddie Lee Watson, Appellants,**

v.

**CITY OF MERIDIAN, Appellee.**

**No. 21730.**

United States Court of Appeals
Fifth Circuit.

Jan. 26, 1966.

Ann Cooper, Boston, Mass., Anthony G. Amsterdam, Philadelphia, Pa., Henry M. Aronson, Carsie A. Hall, Jack H. Young, Jackson, Miss., Jack Greenberg, Melvyn Zarr, New York City, for appellants.

Thomas Y. Minniece, Meridian, Miss., Holyfield & Goldman, Meridian, Miss., for appellee.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, Senior District Judge.

SLOAN, Senior District Judge:

This is an appeal by the named appellant and 7 other persons charged with a violation of a city ordinance of the City of Meridian, Mississippi, No. 2089.-5,[1] forbidding "conduct likely to lead to breach of the peace", and by appellant Fred Watson who was charged with a violation of a city ordinance, Chapter 3–2, of said city[2] which forbids the dis-

---

1. § 2089.5. Disturbance of the public peace, or the peace of others.

1. Any person who disturbs the public peace, or the peace of others, by violent, or loud, or insulting, or profane, or indecent, or offensive, or boisterous conduct or language, or by intimidation, or seeking to intimidate any other person or persons, or by conduct either calculated to provoke a breach of the peace, or by conduct which may lead to a breach of the peace, or by any other act, * * * shall be punished by a fine of not more than five hundred dollars ($500.00), or by imprisonment in the county jail not more than six (6) months, or both. * * *

2. Sec. 3–2. Distribution of Advertising Matter, samples.

No person shall throw, scatter or distribute, or cause to be thrown, scattered or distributed any advertising matter or sample of merchandise upon any sidewalk, street, lane, alley, public ground or other public place or upon any private lot or porch within the corporate limits of the City; provided that it shall not be unlawful to distribute advertising matter or samples to private residences, offices or mercantile establishments if the same are handed in at the door or securely fastened to prevent it from being blown or scattered about. (1949 Code, Ch. 3, § 2).

tribution of advertising matter upon any sidewalk, street, etc. from an order of the district court sustaining the city's motion to remand the nine criminal cases to the city police court.

The petitions for removal in part allege:

(a) That the appellants were engaged in non-violent activities designed to achieve the equal civil rights of citizens; and that this effort is coordinated by a group described as COFO, or the Council of Federated Organization.

(b) That during the spring of 1964 this youth movement in the City of Meridian was promoting a selective buying campaign among negroes by non-violent and peaceful means, in order to persuade peacefully local business establishments and ten-cent stores which have lunch counters to have a policy of equal opportunity of employment and to desist from their policy of segregation based on race, particularly at the lunch counters.

(c) That the acts for which appellants were being held to answer, insofar as the offenses charged have any basis in fact, were acts in the constitutionally protected exercise of petitioners' rights to be free of discrimination by reason of race under the United States Constitution, Amendment XIV and of petitioners' rights of freedom of speech, assembly and petition, guaranteed by the United States Constitution, Amendments I and XIV and 42 U.S.C. § 1989 (1958).

(d) That insofar as the offenses charged against petitioners are based on allegations of conduct not protected by the federal Constitution and laws cited, those allegations of conduct are groundless in fact; and that conviction of petitioners of the charges against them has punished and will punish them for the exercise of rights, privileges and immunities secured them by the federal Constitution and laws, and has deterred and will deter them and others similarly situated from the future exercise of those rights, privileges and immunities, for if the Mississippi statutes or ordinances under which they are prosecuted make petitioners' conduct criminal, those stat-utes or ordinances are unconstitutional on their face and as applied, whereas if the statutes are construed so as to save their constitutionality under the federal Constitution, there is no evidence upon which petitioners may be convicted consistent with the due process of law required by the Fourteenth Amendment.

(e) That the arrests and prosecutions of petitioners have been and are being carried on with the sole purpose and effect of harassing petitioners and of punishing them for and deterring them from their constitutionally-protected rights of free speech and of free assembly to protest the conditions of racial discrimination in all public aspects of life, which it is alleged the State of Mississippi now maintains by statute, ordinance, regulation, custom, usage and practice; and that this harassment of petitioners is pursuant to a policy of racial discrimination which it is alleged is now encouraged, followed and enforced by legislation, and by action of the executive and judicial branches of the State of Mississippi.

(f) That by reason of the foregoing, petitioners are being prosecuted for acts done under color of authority derived from the federal Constitution and laws providing for equal rights, that is, U. S. Constitution, Amendments I, XIV, and 42 U.S.C. §§ 1983, 1985 (1958), and for refusing to do acts on the ground that they would be inconsistent with the Constitution and laws cited; and that, by reason of the foregoing allegations, petitioners have been denied, and are being denied, and cannot enforce in the courts of the State of Mississippi rights under the cited federal Constitutional and statutory sections providing for equal rights of citizens of the United States and of all persons within the jurisdiction of the United States.

Upon motion by the City of Meridian the district court remanded each case to the police court of the City of Meridian upon the ground that the motions to remand were not timely in that they were not filed until after the trial in police court.

It appears that the appellants here were arrested on or about May 30, 1964, and their case was called in police court at 2:00 P.M. on June 3, 1964, and their counsel, John Due, Esq., of the Florida Bar, moved for a continuance to enable him to prepare for trial. This was granted until June 10, 1964.

At 11:30 A.M. on June 10, 1964, with the cases set for trial in police court at 2:00 P.M. that afternoon, counsel presented to the Clerk of the United States District Court for the Southern District of Mississippi separate removal petitions verified by each of the 9 defendant appellants in this case.

The Clerk refused to mark these petitions filed, stating that they must be filed in duplicate.

Counsel had no knowledge of this requirement. The statute [28 U.S.C. § 1446(a)] only requiring the filing of "a verified petition", counsel had only prepared copies for service as required by the statute and did not have time to have duplicate copies of the petitions prepared and filed before the cases were to be heard in police court. With the consent of the Clerk of the District Court, who said that the clerk's office would hold the petition though it would not file them, Mr. Due left the petitions with the Clerk of the District Court and complied with the requirements of 28 U.S.C. § 1446(c) by personally handing the Meridian City Attorney, a notice of removal with attached petition and filing an identical notice of the removal, with removal petition attached, with the Clerk of the police court of the City of Meridian.

At 2:00 P.M. on June 10, 1964, the appellants' cases were called for trial in the police court in the City of Meridian. Mr. Due, their counsel, moved to continue all the cases on the ground that the cases had been removed to federal court. This motion was denied. Mr. Due then entered formal objections, by motion to quash the accusations, to the jurisdiction of the police court on the ground that the lodging of the removal petitions with the Clerk of the United States District Court and the service of notices of removal, with attached removal petitions upon the Clerk of the police court and the City Attorney had perfected the removal of the cases to the United States District Court for the Southern District of Mississippi and that the police court of the City of Meridian was ousted of jurisdiction. The objection was overruled, the cases went to trial, counsel for appellants advanced the various constitutional defenses enumerated in the petition for removal and these were rejected by the police court and appellants were convicted and each sentenced to a fine of $50.00.

On June 15, 1964, the duplicate petitions were furnished the Clerk of the District Court and the Clerk then marked filed as of June 15, 1964, the petitions for removal that had been tendered to the Clerk for filing at 11:30 A.M. on June 10, 1964.

The questions to be resolved on this appeal are:

1. Were the petitions for removal timely filed?

2. Did appellants' removal petitions sufficiently state a removable case under 28 U.S.C. § 1443 or any other United States statute?

We first reach the question of whether the removal petitions were timely filed.

■ Neither the state law nor the local rules promulgated by a federal district court can provide answer to questions involving the interpretation of a federal statute. Lefton v. City of Hattiesburg, 5 Cir., 333 F.2d 280.

■ In civil rights cases, federal courts should use that combination of federal law, common law and state law as will be best adapted to the object of the civil rights laws and must use common law powers to facilitate and not to hinder proceedings in vindication of civil rights. 42 U.S.C.A. § 1988.

■■ The district court could properly accept joint removal petitions on

behalf of multiple petitioners who were arrested at the same time and place charged with violating the same ordinance though the city officials had charged each petitioner individually and separately, in order to facilitate and not hinder proceedings in vindication of civil rights. 28 U.S.C.A. § 1446(a); 42 U.S.C.A. § 1988. The district court's refusal to accept a joint removal petition on behalf of the multiple petitioners who were individually and separately charged would not be a gross abuse of discretion if requiring separate petitions would not so delay matters as to operate to deprive petitioners of effective access to federal courts.

■ Technical requirements of Local Rules that duplicate petitions be filed when filing petitions for removal of criminal cases should not be enforced where petitioners seek to remove civil right prosecutions from state courts if the requiring of such duplicate petitions would so delay matters as to operate to deprive petitioners of effective access to federal courts. Lefton v. City of Hattiesburg, supra.

■ Under the circumstances of this case the lodging of the petitions for removal with the Clerk of the District Court at 11:30 A.M. on June 10, 1964, was a timely filing "before trial" within the requirements of 28 U.S.C. § 1446 (c).

Appellants contend that the removal petitions were filed "before trial" within the meaning of 28 U.S.C. § 1446(c) since they were filed before appellants trial de novo in a court of record. Appellants further contend that the Mississippi law permits a trial de novo in a court of record after summary trial in a court of no record. 3 Miss.Ann.Code 1942, Rec. § 1202.[3]

Since we here hold that the lodging of the petitions to remove with the Clerk of the District Court on June 10, 1964, constituted a timely filing, before trial, of the petitions to remove we do not reach this question.

Did appellants' removal petitions sufficiently state a removable case under 28 U.S.C. § 1443?

■ Rules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings.

■ A removal petition is the basis for federal court jurisdiction and is the pleading of facts necessary to vest jurisdiction in the federal court.

■ Petitions to remove prosecutions for violation of city ordinance for the City of Meridian, Mississippi, forbidding "conduct likely to lead to a breach of the peace" and with violation of the city ordinance which forbids the distribution of advertising matter upon any sidewalk, street, etc. alleging that defendants in being prosecuted under said ordinances were being denied equal protection of the law and that the statute was being enforced as a part of policy of racial segregation maintained by state and city were adequate as a matter of pleading to set forth that the statute was being applied so as to deny defendants their rights under the equal protection clause of the Fourteenth Amendment within the meaning of the federal removal statute authorizing removal to the federal district court.

The petitions for removal in the instant case sufficiently allege that they are being denied their rights under the equal protection clause of the Fourteenth Amendment. Rachel v. State of Georgia, 5 Cir., 342 F.2d 336 (1965); Peacock

3. Miss.Code Ann.1942, Rec. § 1202—Appeals in criminal cases—bond on appeal, liquor law violations. In all cases of conviction * * * by the mayor or police justice of a city, town or village, for the violation of an ordinance thereof, an appeal may be taken within forty (40) days from the date of such judgment of conviction to the circuit court of the county * * *. On his appearance in the circuit court the case shall be tried anew and disposed of as other cases pending therein; and on default of such defendant a forfeiture shall be entered against him and his sureties. * * *

v. City of Greenwood, 5 Cir., 347 F.2d 679 (1965).

The allegations of the petitions for removal of case to federal court under the federal removal statutes must be proved if challenged. Peacock v. City of Greenwood, supra.

The petitions for removal filed in the instant cases are legally sufficient.

The judgments of the district court remanding the cases to the police court of the City of Meridian are reversed and the cases are remanded to the district court for further proceedings not inconsistent with this opinion. If the factual allegations of the petitions to remove are challenged, hearings on the truth of the allegations must be held.

WARREN L. JONES, Circuit Judge.
I concur in the result.