**D. J. McDUFFIE, INC., et al.,
Plaintiffs-Appellants,**

v.

**OLD RELIABLE FIRE INSURANCE
CO. et al., Defendants-Appellees.**

**No. 77–2968.**

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1979.

As Amended on Denial of Rehearing and
Rehearing En Banc Feb. 20, 1980.

Michael E. Wanek, New Orleans, La., for D. J. McDuffie, Inc.

Neal D. Hobson, Joseph W. Looney, New Orleans, La., for plaintiffs-appellants.

Benjamin W. Yancey, Rufus C. Harris, III, New Orleans, La., for defendants-appellees.

Before THORNBERRY, GEE and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

D. J. McDuffie, Inc. (McDuffie) and Ward Drilling Company, Inc., (Ward) appeal an order of the district court dismissing their action for proceeds of an insurance policy underwritten by the appellees. We affirm.

This action stems from the capsize of a submersible drilling barge (Rig No. 15) owned by McDuffie and operated by Ward. At the time of the capsize, Rig No. 15 was insured by a marine hull policy in the amount of $275,000, which covered loss due to "Perils . . . of the Seas" and "all other like Perils." The policy also extended coverage for damage "directly caused" by:

(j) Bursting of boilers, or any latent defect in the machinery or Hull . . .

. . . . .

(n) Negligence of the masters, mariners, charterers, engineers, pilots, and other members of the drilling crew; provided such loss or damage has not resulted from want of due diligence by the owners of the vessel . . . .

When appellees refused to provide coverage, McDuffie brought suit in state court. On petition of the insurers, the case was removed to the federal district court by way of original diversity jurisdiction under 28 U.S.C. § 1441(a). Citing evidence demonstrating the extensively deteriorated condition of the vessel, the district court found that the appellants had breached their implied warranty of seaworthiness attaching at the outset of the policy period. Breach of the implied warranty rendered the policy ineffective and made unnecessary a determination of actual causation. Nevertheless, the judge went on to conclude that in any event the loss did not result from any of the insurable causes.

The appellants argue that: (1) the case was improperly removed to federal court; (2) the district court erred in declaring the policy void for breach of implied warranty; and (3) the loss of the rig was caused at least in part by one or more insured perils.

■ In their original petition for removal the insurers failed to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed. Appellants moved to remand the cause to state court, citing the failure to specifically allege citizenship. The district court allowed the insurers to amend their removal petition to cure the omission, and denied the motion to remand. The appellants argue that the missing allegation is a fatal omission which cannot be cured by amendment. We disagree.

■ In *Firemen's Insurance Company of Newark, N.J. v. Robbins Coal Company, Inc.*, 288 F.2d 349 (5th Cir. 1961), where a movant had failed to allege corporate citizenship in a petition for removal, we held

that, "a defective allegation of diversity jurisdiction in a suit originally filed in a federal district court can be amended in the Court of Appeals." *Id.,* at 350. As we pointed out in *Firemen's Insurance,* the amendment is authorized by the terms of 28 U.S.C. § 1653. That section provides that, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

In light of our decision in *Firemen's Insurance,* we hold that the faulty allegations were properly cured in the amended petition for removal filed in the federal district court. *See, American Motorists Insurance Co. v. American Employers' Insurance Co.,* 600 F.2d 15 (5th Cir. 1979); Rule 15(a), Fed.R.Civ.P.

 We also hold that the record supports the district court's finding that the appellants breached their implied warranty of seaworthiness at the outset of the policy period. *Gulfstream Cargo, Ltd. v. Reliance Insurance Co.,* 409 F.2d 974 (5th Cir. 1969). [1] Rig No. 15 had not been dry-docked and its hull had not been inspected during a six-year period preceding the capsize. During that time, it was in regular use and exposed to the normal abuse attendant upon an inland barge's operation. The appellant's expert witness testified that one month before the policy was to take effect, he had recommended that Rig No. 15 be dry-docked for critical repairs. The trial court found that the vessel lacked necessary deck plating, manhole systems, compartmental separations, and bottom plating. Each of these rig fixtures must be functioning properly to give the vessel the watertight integrity it requires. Facts also demonstrated that recurrent listing to port or starboard

and constant pumping of water became standard operating procedures. On the basis of these facts, the district court concluded "that Rig No. 15 was not reasonably well-suited for its intended use as an inland drilling barge as of August 15, 1974." *See, Gulfstream Cargo, Ltd. v. Reliance Insurance Co.* After reviewing the record, we cannot say that the challenged finding was clearly erroneous or without evidentiary support. Accordingly, we sustain the finding. Rule 52(a), Fed.R.Civ.P.; *Baggett v. Richardson,* 473 F.2d 863 (5th Cir. 1973).

Because breach of the implied warranty of seaworthiness voids the insurance contract, we do not reach the appellants' contention that the capsize resulted from a peril insured against in the policy.

The judgment is AFFIRMED.

---

1. *Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), does not require that our decision on policy coverage be governed by appropriate Louisiana law. As noted by Justice Harlan in *Kossick v. United Fruit Co.,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961), and as this court recognized in *Gulfstream* and in the final *Wilburn* case, the Supreme Court premised its application of state law in *Wilburn* on the lack of a federal maritime rule governing the matter there presented. See, *Gulfstream Cargo Ltd. v. Reliance Ins. Co.,* 409 F.2d 974, 981 ns.19, 20 (5th Cir. 1969); *Fireman's Fund Ins. Co. v. Wilburn Boat Co.,* 300 F.2d 631, 647 n.12 (5th Cir. 1962). Our circuit acknowledges the existence of a federal maritime rule extending an implied warranty of seaworthiness to a maritime hull insurance policy. *Gulfstream; Tropical Marine Products v. Birmingham Fire Ins. Co. of Pa.,* 247 F.2d 116 (5th Cir. 1957); *Saskatchewan Government Ins. Office v. Spot Park,* 242 F.2d 385 (5th Cir. 1957). In light of this rule, we are not prevented by the *Wilburn* holding from deciding the case with reference to established federal maritime rules governing the warranty involved.