Graham WOODALL, et al.

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Civ. No. C–83–147–G.

United States District Court, N.D. Georgia, Gainesville Division.

March 27, 1984.

---

Douglas W. McDonald, Cornelia, Ga., for plaintiffs.

Dennis, Corry, Webb, Carlock & Williams, Atlanta, Ga., for defendant.

### ORDER

O'KELLEY, District Judge.

Originally filed in the Superior Court of Habersham County, this diversity action

was removed to this court pursuant to 28 U.S.C. § 1441. To remove an action from state court, a defendant must file in the appropriate United States District Court "a verified petition containing a short and plain statement of the facts which entitle him ... to removal together with a copy of all process, pleadings and orders served upon him ... in such action." 28 U.S.C. § 1446. Acknowledging that a copy of all the documents filed in the state court action did not accompany the petition for removal, defendant currently moves for leave to amend its petition to cure the procedural deficiencies.

In response, plaintiffs point out that a petition for removal must be filed within 30 days after the defendant receives the initial pleading filed in state court. *See* 28 U.S.C. § 1446(a). Since this time period has expired, plaintiffs assert that the time for permitting an amendment to the removal petition has also expired. *See Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982) (court denied amendment to the petition after the 30 day period had expired); *Winters Government Securities Corp. v. NAFI Employees Credit Union,* 449 F.Supp. 239, 243 (S.D.Fla.1978) (when allegation is missing, petition may not be amended after the 30 day period).

The court in *Covington v. Indemnity Insurance Co.,* 251 F.2d 930, 933 (5th Cir. 1958) specifically addressed the issue whether a removal petition may be amended to include pleadings and orders served upon the defendant prior to removal. Noting that the time period for filing the removal petition is not jurisdictional in nature, the court in *Covington* found that omitted documents could be supplied after the time for removal had expired. This practice is in accordance with the procedure outlined in 42 U.S.C. § 1447(b). This section provides that the court may require a "petitioner to file with its clerk copies of all records and proceedings" filed in the state court prior to removal. Moreover, courts in this circuit have allowed parties to

amend removal petitions to correct not only procedural, but also jurisdictional defects. *See, e.g., Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 n. 4 (5th Cir.1981); *D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.,* 608 F.2d 145, 147 (5th Cir.1979); *Freight Terminals, Inc. v. Ryder System, Inc.,* 461 F.2d 1046, 1052 (5th Cir.1972); *Firemen's Insurance Co. v. Robbins Coal Co.,* 288 F.2d 349, 350 (5th Cir.1961) (cited with approval in *Willingham v. Morgan,* 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 1816 n. 3, 23 L.Ed.2d 396 (1969)). *See also* 28 U.S.C. § 1653 (allowing the amendment of defective allegations of jurisdiction).

Since this court is bound by the precedent of the United States Court of Appeals for the Fifth Circuit prior to October 1, 1981,[1] the court finds that the cases cited by plaintiffs are not persuasive. Therefore, the court grants defendant's motion for leave to amend the removal petition.

---

1. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).