**Ruth Faison WORMLEY, et al.**

v.

**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, L.H. Farley, and George Scott Pilgrim.**

No. 1:94–CV–95.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 7, 1994.

John M. O'Quinn, O'Quinn Kerensky McAninch & Laminack, Houston, TX, Gilbert T. Adams Jr., Beaumont, TX, Huey P. Mitchell, Fort Worth, TX, for plaintiffs.

Daniel V. Flatten, Mehaffy & Weber, Beaumont, TX, Robert B. Burns Jr., Wilson Grosenheider & Burns, Austin, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### Background

This is a wrongful death case arising out of a railroad train-automobile collision resulting in the deaths of Charles Edward Daniels and Atlanta Inez Daniels.

On November 15, 1993, the Plaintiffs, the legal representatives, heirs and beneficiaries of Mr. Daniels and Ms. Daniels, brought wrongful death and survival claims in Texas state court. The original defendants were Southern Pacific Railroad and L.H. Farley, one of the train engineers involved in the accident. The complaint was eventually amended to include another engineer, George Pilgrim.[1]

There is no dispute that the train which killed the Daniels is owned by National Railroad Passenger Corporation, commonly known as Amtrak. On February 11, 1994, Southern Pacific filed a third party petition against Amtrak. In this petition, Southern Pacific alleges that it is entitled to "full indemnity" from Amtrak. On February 15, 1994, Amtrak filed, as third party defendant, its Notice of Removal with this court.

Amtrak contends that since more than one-half of its shares are owned by the United States government, it is entitled to have this action heard in a federal forum.[2] Plaintiffs contend that Amtrak fails to specify with sufficient particularity the grounds on which it seeks removal. Plaintiffs' specific objections are that the Notice of Removal: (1) failed to cite the appropriate subparts of 28 U.S.C. § 1441; and (2) contains a statement of facts that is too vague to support a finding of subject matter jurisdiction. Plaintiffs now contend it is too late for Amtrak to amend its Notice of Removal, and that remand is mandatory.

This Court is unpersuaded by Plaintiffs' Petition to Remand.

### Discussion

There are three questions pending before this court: (1) can Amtrak, as a third-party defendant, remove this case under § 1441(c); (2) assuming removal is possible pursuant to § 1441(c), did Amtrak's Notice of Removal allege jurisdictional facts with sufficient particularity to support removal; and (3) if the facts alleged are insufficient to support removal, is this court permitted to allow amendment of those facts pursuant to 28 U.S.C. § 1653.

### A.

Section 1441(c) provides, in relevant part: "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 is joined with one or more otherwise non-removable claims or

---

1. Mr. Pilgrim, Mr. Farley and the Daniels are all citizens of Texas.

2. Amtrak's Notice of Removal cites 28 U.S.C. § 1349. Section 1349 states that the "district courts shall not have jurisdiction of any civil action by or against any corporation ... unless the United States is the owner of more than one-half of its capital stock."

causes of action, the entire case may be removed." To support subject matter jurisdiction, Amtrak must allege facts from which this Court can conclude: (1) that Southern Pacific's third-party claim against Amtrak is a "separate and independent" obligation; and (2) that a federal court would have federal question jurisdiction over the dispute between Southern Pacific and Amtrak if the action was brought separately.

■ It is clear that a "separate and independent" obligation exists between Amtrak and Southern Pacific. The Fifth Circuit has specifically held that a contractual indemnity agreement is a "separate and independent" obligation within the meaning of § 1441(c). *In Re: Wilson Industries, Inc.,* 886 F.2d 93, 96 (5th Cir.1989); *Carl Heck Engineers v. Lafourche Parish Police,* 622 F.2d 133, 136 (5th Cir.1980); *Marsh Investment Corp. v. Langford,* 494 F.Supp. 344 (E.D.La.1980), *aff'd per curium* 652 F.2d 583 (5th Cir.1981). There is no question that such a contractual relationship actually exists between Amtrak and Southern Pacific.[3]

■ It is equally clear that a federal court would have jurisdiction over any litigation arising between Amtrak and Southern Pacific. If the United States owns more than half of the capital stock of a corporation, the federal courts have original jurisdiction over the case. *In re Rail Coll. near Chase, Md., on Jan. 4, 1987,* 680 F.Supp. 728, 730 (D.Md. 1987) (federal jurisdiction over suit against Amtrak since United States owns over half of Amtrak's stock). It is undisputed that the United States owns more than half of Amtrak's capital stock.

Putting the above facts together leads this Court to conclude that Amtrak could have properly removed the entire cause of action to this court, pursuant to 28 U.S.C. § 1441(c), if it had clearly alleged the existence of the contractual indemnity relationship and had

asserted § 1441(c) as the basis for removal in its Notice of Removal. We now turn to the question of whether Amtrak's Notice of Removal alleged jurisdictional facts with sufficient particularity to support a removal grounded in § 1441(c).

*B.*

■ The facts plead in the removal petition are the basis for federal court jurisdiction. *Brown v. City of Meridian,* 356 F.2d 602, 606 (5th Cir.1966).

■ The notice of removal, however, need only "contain a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The "short and plain" standard is not a burdensome one. Section 1446(a) does not require that the notice of removal allege, in excruciating detail, every conceivable fact which supports removal. "The 'short and plain' requirement of § 1446(a) is treated the same way as the Fed.R.Civ.P. 8(a) requirement that a complaint invoking the original jurisdiction of the district court must contain a short and plain statement of the grounds upon which the court's jurisdiction depends . . ." *Grynberg Production Corp. v. British Gas P.L.C.,* 817 F.Supp. 1338, 1354 (E.D.Tex. 1993); *see also Rachel v. State of Georgia,* 342 F.2d 336, 340 (5th Cir.1965) *and* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733, at 565 (1985). "The absence of detailed grounds setting forth a basis for removal is not fatal to the defendant's right to remove." *Allman v. Hanley,* 302 F.2d 559, 562 (5th Cir.1962).

■ Amtrak alleges in its Notice of Removal: (1) that the court has original jurisdiction over the case since the United States owns more than one-half of Amtrak's capital stock; and (2) that it has been joined to the suit as a third-party defendant by Southern Pacific.[4]

---

**3.** *See* Section 7.2 of the agreement executed between Southern Pacific and Amtrak on April 16, 1971, which provides, in relevant part: "NPRC [Amtrak] agrees to indemnify and save harmless Railroad [Southern Pacific] irrespective of any negligence or fault of Railroad, its employees or agents . . . from any and all liability for injury to or death of any person . . . if such injury or death . . . arises from or is proximately caused as a

result of a collision of a vehicle or a person with an Intercity Rail Passenger Train at the intersection of a street or road, whether public or private, and the tracks of Railroad."

**4.** In addition, the Notice of Removal includes a copy of the Third–Party Petition and Cross Action which alleges that Southern Pacific is entitled to

These factual allegations are sufficient to allow this court to exercise subject matter jurisdiction over the suit against Amtrak.[5] While it is true that Amtrak could have worded its motion more clearly, the foundations for a § 1441(c) removal are present in Amtrak's motion. Amtrak alleges original jurisdiction (based on § 1349), joinder (the third-party action) and a separate claim ("full indemnity"). These allegations meet the minimum requirements of § 1441(c).

The fact that Amtrak has difficulty deciding which sub-section of 28 U.S.C. § 1441 applies does not, contrary to Plaintiffs' assertions, divest this court of jurisdiction.[6]

[6] Plaintiffs make much of the fact that Amtrak does not cite 28 U.S.C. § 1441(a) or § 1441(c) in its original Notice of Removal. While it is the usual practice to cite the section of the United States Code under which an action is removed, failure to cite the proper section in a petition for removal is not a fatal defect where an adequate basis of removal is set forth. *Harlem River Produce Co. v. Aetna Cas. & Sur. Co.*, 257 F.Supp. 160, 164 (S.D.N.Y.1965); *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 940 (E.D.N.Y.1992). Amtrak's confusion over the removal statute does not serve to wrest jurisdiction from this court.

### C.

Finally, we turn to the issue of amendment of the removal petition.[7]

■ A defendant may freely amend a notice of removal within the thirty day period set out in 28 U.S.C. § 1446(b). *Mayers v. Conell*, 651 F.Supp. 273, 274 (M.D.La.1986); *Courtney v. Benedetto*, 627 F.Supp. 523, 527 (M.D.La.1986). Thereafter, however, it may be amended only to set forth more specifical-

ly the jurisdictional grounds for removal which were imperfectly stated in the original petition. *Fireman's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir.1961); *D.J. McDuffie v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980). An imperfect or defective allegation of jurisdiction is distinguished from a procedural defect, which is not subject to amendment after thirty days. Plaintiff fails to make this distinction. In *McDuffie*, the court held that the procedural requirements of removal (such as joining all defendants to the removal) are not subject to cure by 28 U.S.C. § 1653[8] outside the thirty day time limit set out in 28 U.S.C. § 1446(b). The court goes on to note, however, that defective allegations of *jurisdiction* are curable outside the thirty day time period set by § 1653. *McDuffie*, 608 F.2d at 201.

■ It is clear that the jurisdiction of this court is balanced upon the existence of a contract of indemnity between Amtrak and Southern Pacific. Without such a contract, Amtrak would be unable to remove this case. *In re: Wilson Industries, Inc.*, 886 F.2d at 96 (holding that indemnity based on a tort theory is not a "separate and independent" claim within the meaning of Section 1441(c)). Failure to plead the existence of the contract in the Notice of Removal is a jurisdictional defect. That Amtrak owes some type of indemnity was plead in the Notice of Removal. An amendment to the original Notice of Removal would merely clarify what type of "full indemnity" Amtrak owes Southern Pacific. *See Woodlands II v. City Sav. and Loan Ass'n*, 703 F.Supp. 604, 607 (N.D.Tex. 1989) (stating that amendment to remedy defective allegation of jurisdiction should be permitted) *and Milstead Supply Co. v. Cas. Ins. Co.*, 797 F.Supp. 569, 574 (W.D.Tex.

"full indemnity" from Amtrak. *Third–Party Petition and Cross Action* at 2.

**5.** Once the Court establishes jurisdiction over the claim between Amtrak and Southern Pacific, the entire case is removable. 28 U.S.C. § 1441(c).

**6.** In its original Notice of Removal, Amtrak cites neither § 1441(a) nor § 1441(c) as the basis for removal. In its response to Plaintiffs Motion for Remand, Amtrak first cites § 1441(a) and then,

in a later brief, raises the possibility that § 1441(c) may apply.

**7.** While this court is convinced that it has jurisdiction absent any amendment, a discussion of this issue is warranted since the parties extensively briefed this point.

**8.** 28 U.S.C. § 1653 provides: "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

1992) (defendant allowed to amend "imperfect, general allegation of diversity jurisdiction").

Plaintiffs' cite two cases which stand for the proposition that no new allegations of jurisdiction can be made outside the time limits set out in Section 1446(b).[9] These cases are, however, easily distinguishable from the case at hand. The cases cited by Plaintiffs merely state that a removing party may not bring up a entirely *new* allegation of jurisdiction after the thirty day amendment period.[10] Amtrak, throughout the arguing of this belabored motion, has asserted only one basis for jurisdiction; Amtrak has consistently argued that the United States' ownership of more than one-half of its stock gives it the option to remove this case to federal court. Plaintiffs' cases would be on point if Amtrak were to suddenly put forth diversity of citizenship [11] or admiralty [12] (or any other new source of jurisdiction) as an additional basis for jurisdiction.

Amtrak is not alleging a new source of jurisdiction. Instead, an amendment would merely serve to crystalize the only basis of jurisdiction that Amtrak has ever asserted.

While this Court is convinced that sufficient facts were alleged in the notice of removal to support jurisdiction, it would be remiss if it did not remind Amtrak that it is free to file an amended notice of removal pursuant to 28 U.S.C. § 1653. *See Carwile v. Public Service Co.,* 315 F.2d 301 (7th Cir. 1963) (amendment permitted even during appeal); *but see Harris v. American Legion,* 162 F.Supp. 700 (S.D.Ind.1958), *aff'd,* 261 F.2d 594 (7th Cir.1958) (holding that party refusing to accept courts offer to amend precluded from amending on appeal).

### D.

 This court agrees with Plaintiffs' contention that § 1441(a) does not apply to the case at hand. The courts and commentators are in general agreement that § 1441(a) applies only to original, and not third-party, defendants. *Lewis v. Windsor Door Co.,* 926 F.2d 729, 731 (8th Cir.1991); *Thomas v. Shelton,* 740 F.2d 478, 482 (7th Cir.1984); *Knight v. Hellenic Lines, Ltd.,* 543 F.Supp. 915, 917 (E.D.N.Y.1982); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733, at 502 (1985). Accordingly, Amtrak may not rely upon § 1441(a) as a basis for removal.

### ORDER

Before the court is the Plaintiffs' Motion for Remand. After considering the Motion, this Court is of the opinion that this cause of action is removable pursuant to § 1441(c). Accordingly, Plaintiffs' Motion to Remand is DENIED.

---

**9.** *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir.1988) *and Barrow Development Co. v. Fulton Ins. Co.,* 418 F.2d 316 (9th Cir.1969).

**10.** In *O'Halloran,* the defendant sought removal based on the United States Constitution. When the court determined that the defendant did not have a Constitutional claim, the court refused to allow defendant to amend his removal petition to assert federal law or diversity as a basis for jurisdiction. In *Barrow,* the court allowed the defendant to amend his petition which imperfectly plead removal based on diversity jurisdiction.

**11.** 28 U.S.C. Section 1332.

**12.** 28 U.S.C. Section 1333.