Carolyn **STANDRIDGE**, Plaintiff,

v.

**WAL–MART STORES, INC.,** Defendant.

Civil No. 2:96–CV–109–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 18, 1996.

**253**

Joe B. Sartain, Jr., Frank R. McKay, Sartain Law Offices, Gainesville, GA, for Plaintiff.

Howard M. Lessinger, Albert J. DeCusati, McLain & Merritt, Atlanta, GA, for Defendant.

*ORDER*

O'KELLEY, District Judge.

The captioned case is before the court for consideration of plaintiff's objection to defendant's petition for removal to the United States District Court [3–1] and plaintiff's motion to remand to superior court in conjunction with a motion for permission to amend the complaint [5–1]. The clerk docketed defendant's petition for removal [1–1] as a "notice of removal," and plaintiff's "objection to petition" was "treated as a motion to remand." The fact that the clerk docketed these motions as a "notice" and a "motion to remand," however, does not necessarily make it so. The clerk demonstrated a knowledge of the rule requirements, whereas counsel demonstrated a lack of such knowledge.

## I. Procedure for Removal and Remand

When Congress passed the Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100–702, 102 Stat. 4669 (1988), Congress modified the procedure for removal into federal court in an effort to simplify the

1. The court notes that the defendant has also filed a notice to the plaintiff of defendant's petition for removal. 28 U.S.C. § 1446(d). The only reason the court can speculate why the explicit language of § 1446(a) was not followed is that defendant is using an outdated form book. For an example of a correct form, *see* Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed.Civ.Pro. Before Trial, 2d–179, ¶ Form 2:A; 2d–181, ¶ Form 2:B (The Rutter Group 1994).

removal process. Due to the procedural defects committed by both parties in the removal of this case, the court will briefly outline the proper procedure.

A. Initial Removal to Federal Court.

Defendant filed a "Petition for Removal" stating that the defendant's petition is in accordance with the provisions of 28 U.S.C. § 1446. Defendant's petition would be correct if this case were removed prior to 1988.[1] *See Woodall v. Insurance Co. of North America,* 582 F.Supp. 247, 248 (N.D.Ga.1984) (briefly outlines the proper removal procedure under pre–1988 28 U.S.C. § 1446). Under the amended subdivision (a) of § 1446, however, the defendant does not file a "verified petition" in federal court but rather a "notice of removal signed pursuant to Rule 11."[2] 28 U.S.C. § 1446(a); *see generally* Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3733 (Supp.1996); Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed.Civ.Pro. Before Trial 2d–128, ¶ 2:964 (The Rutter Group 1994); David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act,* 123 F.R.D. 399, 404 (1989).

Prior to 1948, a defendant seeking removal was required to file a petition for removal and a bond in state court. If removal were denied by the state court, the defendant had three courses of action available: litigate only in state court, litigate only in federal court but risk an enforceable state court judgment if removal were found invalid, or litigate simultaneously in state court and federal court. *See Metropolitan Cas. Ins. Co. v. Stevens,* 312 U.S. 563, 567–8, 61 S.Ct. 715, 717–8, 85 L.Ed. 1044 (1941). The Judicial Code of 1948 eliminated this problem and codified the removal procedure in 28 U.S.C.

2. "Under former law, the procedure was a 'verified petition' rather than a mere signed notice. The verification requirement has been eliminated and the reference to Rule 11 added." Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide 2d–128, ¶ 2:964.

§ 1446. Title 28, United States Code, Judiciary and Judicial Procedure Act, Pub.L. 80–773 (1948) *reprinted in* 1948 U.S.C.C.A.N. A3, A95.

Pursuant to 28 U.S.C. § 1446, a defendant wishing to remove a case first files a notice of removal with the federal district court for the district or division within which such action is pending. 28 U.S.C. § 1446(a). The notice must be filed within thirty (30) days after receipt by the defendant of the initial pleading, service of summons, amended pleading, motion, order, or "other paper" from which it can be ascertained that the case is removable. 28 U.S.C. § 1446(b). After filing the notice of removal with the federal court, the defendant must give written notice to the plaintiff(s) and file a copy of the notice of removal with the clerk of the state court. 28 U.S.C. § 1446(d). Upon the filing of such notice, the state court is prohibited from proceeding further with the case. *Id.* Thus, removal does not require permission or an order by the federal court, nor can a federal court "grant" or "deny" removal since removal is automatic. Removal can be contested, however, by a motion to remand as discussed below.

In 1988, Congress changed the "verified petition" to a "notice" in order to make removal simpler and in "keeping with the modern distaste for verified pleading." H.R.Rep. 100–889, 100th Cong., 2nd Sess. 71 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032. The change also makes the removal document subject to the standards of care and integrity demanded of any "pleading, motion, or other paper" by Rule 11 [3] and eliminates the bond requirement. H.R.Rep. No. 100–889 at 71, 1988 U.S.C.C.A.N. at 6032; *see also* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE 2d–129, ¶ 2:971; *see also* John B. Oakley, *Recent Statutory Changes in the Law of Federal Jurisdiction and Venue: The Judicial Improvements Act of 1988 and 1990,* 24 U.C. Davis L.Rev. (Spring, 1991) ("express incorporation of

Rule 11's standards and potential sanctions has replaced reliance on verification and a removal bond"). Furthermore, in an effort to avoid requiring detailed pleading, the notice of removal need only contain "a short and plain statement of the grounds for removal," language borrowed from the jurisdictional pleading requirements of Fed.R.Civ.P. 8(a). 28 U.S.C. § 1446(a); *see also* H.R.Rep. No. 100–889 at 71, 1988 U.S.C.C.A.N. at 6032 (explaining intent of language is to allow liberal pleading).

### B. The Motion to Remand.

Plaintiff originally filed an "Objection" in response to defendant's petition. Plaintiff's objection, however, does not comport with the language of 28 U.S.C. § 1447(c). This section explicitly requires a "motion to remand" to be filed if removal is contested. 28 U.S.C. § 1447(c); *see generally* Wright, Miller, & Cooper, 14A *Federal Practice and Procedure* § 3739; Siegel, *Changes in Federal Jurisdiction,* 123 F.R.D. at 405; Joan Steinman, *Removal, Remand, and Review in Pendent Claim and Pendent Party Cases,* 41 Vand.L.Rev. 923 (Oct.1988) (providing a brief history of removal and remand procedures).

■ Plaintiff's objection was ostensibly a response to defendant's petition to remove. As discussed above, however, the court does not treat the notice of removal as a motion or an application to be granted or denied. The removal procedure removes the action subject to remand or dismissal. *See* 28 U.S.C. § 1446(d) (stating that the filing of the notice of removal in federal district court and filing a copy of such notice in state court shall "effect" the removal). Accordingly, the court cannot grant plaintiff's requested relief of dismissing or denying defendant's petition for removal. The proper course of action by plaintiff was to file a motion to remand pursuant to § 1447(c). Given the explicit language found in 28 U.S.C. § 1447(c), the court can only assume that the plaintiff's error was

---

**3.** "Under Rule 11, the attorney's or party's signature constitutes a *certificate* that he or she has read it; that to the best of his or her knowledge, based on a reasonable investigation, it is well grounded in fact and is warranted by law; 'and that it is not interposed for any improper pur-

poses, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE, 2d–129–30, ¶ 2:972 (*quoting* Fed.R.Civ.P. 11).

predicated upon defendant's procedural defect of filing a petition instead of a notice.

█ The plaintiff has since resubmitted her motion as a motion to remand. Section 1447(c) requires that any motion to remand based on a procedural defect must be made within thirty (30) days after filing of the notice of removal. 28 U.S.C. § 1447(c); Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE, 2d–153, ¶ 2:1080. Plaintiff has failed to allege any procedural defect in her amended motion to remand and thus defendant's procedural defect is moot.[4]

If at any time before final judgment, however, it appears the court lacks subject matter jurisdiction, the court may remand the case back to state court or order dismissal. 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3). Both plaintiff's original "Objection" to removal and her amended "motion to remand" argue that removal is improper since plaintiff's case does not meet the $50,000 amount in controversy requirement for diversity cases. 28 U.S.C. § 1332. Accordingly, the court may remand this case to state court pursuant to 28 U.S.C. § 1447(c) if it finds plaintiff's motion to have merit.

## II. Plaintiff's Motion to Amend Complaint

Plaintiff seeks to amend her complaint so that her complaint seeks specified damages of $48,500. Rule 15(a), Fed.R.Civ.P., allows a party to amend once, as a matter of course, before a responsive pleading is served, or by leave of court. Defendant has not objected. Accordingly, plaintiff's motion to amend her complaint is hereby GRANTED [5–1].

## III. Consideration of Plaintiff's Motion to Remand

Plaintiff filed her original complaint in the Superior Court of Hall County alleging de-

fendant's negligence was the proximate cause of plaintiff's severe injury to her back. In her original complaint, plaintiff seeks recovery of unspecified damages for pain and suffering, permanent disability, medical expenses, medical treatment, and economic losses for an amount "to be determined by the enlightened conscious of a fair and impartial jury." On August 5, 1996, defendant filed the aforementioned petition for removal asserting diversity jurisdiction under 28 U.S.C. § 1332[1–1].[5] On August 9, 1996, plaintiff filed her objection to removal and an amended complaint that stated the plaintiff is seeking damages of $48,500 [3–1]. Plaintiff contests removal because the amount in controversy does not exceed $50,000 and, therefore, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Given the procedural irregularities already encountered in this case, it may be useful to summarize the principles of removal jurisdiction:

1) the removing defendant has the burden of proving the existence of federal jurisdiction, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996);

2) the right of removal is determined by the posture of the case at the time the petition for removal is filed, *Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355, 359 (N.D.Ga.1978);

3) lack of subject matter jurisdiction requires remand to the state court under § 1447(c) or dismissal, 28 U.S.C. § 1447(c), Fed.R.Civ.P. 12(h)(3);

4) the court's removal jurisdiction must be strictly construed, *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994);

---

4. The 30–day limit for remand due to procedural defect was enacted in an effort to avoid forum shopping by a party "hold[ing] the defect in reserve." H.R. Report No. 100–889 at 72, 1988 U.S.C.C.A.N. at 6033. Plaintiff's amended motion to remand was submitted to the court on September 4, 1996, 30 days after defendant's original defect of submitting a "Petition" instead of a notice. Plaintiff would therefore be proce-

durally barred from attempting to remand in the future based upon defendant's procedural defect.

5. A district court has original jurisdiction over all cases where the matter is between citizens of different States and "the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) & (a)(1) (1994).

5) accordingly, the district court is required to resolve all doubts about federal jurisdiction in favor of remand, *Id.* ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand") (*citing Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983)); and,

6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. 28 U.S.C. § 1447(d).

At the time the defendant's petition was filed, plaintiff's complaint requested unspecified damages. The Eleventh Circuit has recently held "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement." *Tapscott,* 77 F.3d at 1357. Although this standard is not as taxing as the burden imposed when a plaintiff claims specified damages under $50,000, the defendant's ability to remove a state case to federal court is not unfettered. *Id.* at 1356–57 (noting that while the "legal certainty" test for specified damages under $50,000 imposes a heavy burden on the defendant, a "preponderance of the evidence standard" strikes the "proper balance" between "the plaintiff's right to choose his forum and a defendant's right to remove"). "The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim." *Id.* (*citing Burns,* 31 F.3d at 1095).

■ Defendant has failed to prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional amount. Defendant asserts that plaintiff's damage award "may" exceed $50,000. Defendant appears to be applying a "reasonable probability" standard for unspecified damages that has been implicitly rejected by the Eleventh Circuit. *Tapscott* at 1356–57 & n. 7; *see generally* Wright, Miller & Cooper, 14A *Federal Practice and Procedure* § 3725 (Supp.

1996) (citing cases applying "legal certainty," "preponderance," and "reasonable probability" standards). As the Eleventh Circuit stated in *Tapscott,* "requiring the defendant to prove the amount in controversy 'may' meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a small amount of damages is legally possible." *Tapscott,* 77 F.3d at 1357 (*quoting Gafford v. General Elec. Co.,* 997 F.2d 150, 160 (6th Cir.1993)). Accordingly, the *Tapscott* court found that a reasonable probability standard would unnecessarily expand federal jurisdiction. *Tapscott,* 77 F.3d at 1356–57.

Defendant's petition for removal merely recites defendant's belief that the amount in controversy exceeds $50,000 and does not state any facts showing that plaintiff's claim "more likely than not" exceeds the jurisdictional limit. Defendant's Petition for Removal 2. Likewise, defendant's response to plaintiff's motion to remand does not point to any facts supporting defendant's conclusory allegations that plaintiff's case "reasonably may" bring more than $50,000. Defendant's Brief in Opposition to Motion to Remand 3–4. Accordingly, defendant has failed to show that plaintiff's state court claim is removable on its face. *See Smith v. Bally's Holiday,* 843 F.Supp. 1451, 1455–56 (N.D.Ga.1994) (finding defendant's filing of notice of removal premature when removal based upon unspecified punitive damages); *see also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) ("[r]emoval, however, cannot be based simply upon conclusory allegations").

Defendant also alleges removal is proper because plaintiff's attorney sent a settlement demand letter to defendant, offering to settle for $75,000. Plaintiff's demand letter, however, was sent to the defendant on May 22, 1996, approximately two weeks before plaintiff filed her case. As such, plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking. Accordingly, plaintiff's demand letter does not show removal jurisdiction is proper in this court. *See Sfirakis v. Allstate Insurance Co.,* 1991 WL

147482, *3 (E.D.Pa.) (post-complaint letter to counsel offering to settle for $300,000 insufficient to establish federal jurisdiction).

Finally, plaintiff's amended complaint states that the plaintiff is seeking damages of $48,500. Although plaintiff's amended complaint would not be dispositive if plaintiff's original complaint stated a claim for more than $50,000, that is not the case here. Cases holding that a later amendment asserting less than the jurisdictional amount is ineffective to defeat removal jurisdiction have typically been ones in which the complaint at the time of the removal expressly stated a claim in excess of the jurisdictional amount. *See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Marilyn Nancy Williams v. Wal-Mart Discount Cities,* No. CV593–77 (S.D.Ga. Oct. 22, 1993). Because the plaintiffs in these cases alleged damages above the jurisdictional threshold, removal had already attached. Contrary to defendant's assertion in its response brief,[6] removal jurisdiction has not yet attached here because, as discussed above, plaintiff stated an unspecified amount in her original complaint. *See McCorkindale v. American Home Assur. Co./A.I.C.,* 909 F.Supp. 646 (N.D.Iowa 1995) (finding when original complaint states unspecified damages, removal jurisdiction has not been shown to have attached).

Plaintiff has amended her complaint to ask for less than $50,000 in damages. Accordingly, this court finds it lacks subject matter jurisdiction over plaintiff's claim and will remand this case back to the state court. 28 U.S.C. § 1447(c). The court also notes that remanding plaintiff's complaint serves the twin purposes of allowing plaintiff to be the master of her own claim and construing federal removal jurisdiction narrowly. *See Burns,* 31 F.3d at 1092 ("plaintiff is the master of his own claim") (*citing Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391–3 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987)); Wright, Miller & Cooper, 14A *Federal Practice and Procedure* § 3702 ("[p]laintiff is the master of his or her own claim; if

plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"); *see also* U.S. Const., art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."); *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803) ("[f]ederal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"); Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide 2d–4, ¶ 2:599, 2d–7, ¶ 2:606 (noting that removal jurisdiction is entirely statutory and that removal statutes are construed restrictively). Accordingly, plaintiff's motion to remand is hereby GRANTED [5–1].

### Conclusion

In conclusion, the court finds the defendant has not met its burden of showing that federal jurisdiction exists. The plaintiff's motion to remand to the superior court in conjunction with a motion for permission to amend the complaint is hereby GRANTED [5–1]. This court hereby REMANDS this case to the Superior Court of Hall County.

---

**6.** Defendant's reliance on Judge Edenfield's opinion in *Marilyn Nancy Williams v. Wal-Mart Discount Cities,* No. CV593–77, 1993 WL 840294 (S.D.Ga. Oct 22, 1993), is misplaced because in that case the plaintiff sought damages of $250,000 in her original claim. Here, plaintiff did not specify damages until her amended complaint.