Charles M. MERKEL, Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, Defendant.

Civ. A. No. 2:93cv161–D–A.

United States District Court,
N.D. Mississippi,
Delta Division.

May 1, 1995.

---

Charles M. Merkel, Jr., Clarksdale, MS, for plaintiff.

Tom T. Ross, Jr., Clarksdale, MS, for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Upon consideration of this matter, *sua sponte,* the court finds that it possesses no subject matter jurisdiction over the case at bar. Removal in this cause was improvident, and this matter shall be remanded to the County Court of Coahoma County, Mississippi.

### FACTUAL SUMMARY

The plaintiff Charles Merkel is an attorney in Clarksdale, Mississippi, and is an avid baseball card collector. In September of 1992, the plaintiff was considering the purchase of a set of 1960 Topps baseball cards from the Brigandi Coin Company ("Brigandi"), in New York, N.Y. Pursuant to this consideration, Brigandi sent the set (valued by the plaintiff at $7,500.00) to the plaintiff with instructions to return the set by September 25, 1992, or to remit payment for the cards. Mr. Merkel chose to return the set of cards, and on September 23, 1992, engaged Federal Express to deliver the set back to Brigandi. Federal Express took possession of the set, but Brigandi never received it and as of this date Federal Express cannot locate the package.

The plaintiff originally instituted this action in the County Court of Coahoma County, Mississippi, for the loss of the package. Merkel specifically alleged against Federal Express claims arising under Mississippi law, including claims of fraudulent and negligent misrepresentation. Federal Express removed the action to this court on October 21, 1993. The asserted basis for removal by Federal Express is that all of the plaintiff's claims are governed exclusively by federal law.

Concerned, as it must ever be, of its own subject-matter jurisdiction, this court directed the parties by order dated March 15, 1995, to submit additional briefs on the subject of the propriety of removal by Federal Express.

### DISCUSSION

■ This court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir.1993); 28 U.S.C. § 1447. An objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings, and may even be raised by the court *sua sponte. See Mall v. Atlantic Financial Federal,* 127 F.R.D. 107 (W.D.Pa.1989); *Glaziers, Glass Workers of Jacksonville v. Florida Glass and Mirror of Jacksonville,* 409 F.Supp. 225, 226 (M.D.Fla.1976); 28 U.S.C. § 1447. This court has concerns regarding its subject-matter jurisdiction in this cause, has raised the issue *sua sponte,* and has asked for further submissions from the parties on this matter.

■ In making determinations of whether remand is necessary, the defendant is the party who bear the burden of establishing that the removal to this court is proper. *Jernigan v. Ashland Oil Co. Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company,* 663 F.2d 545, 549 (5th Cir.1981). Further, the removal statutes are strictly construed, and all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

The defendants based their removal petition on the premise that federal common law controls the allegations of the plaintiff's complaint. Today this court need not reach that issue, for whether federal law controls the plaintiff's allegations and whether this action can be properly removed to this court are,

although related, in fact separate and distinct questions.[1]

## I. REMOVAL JURISDICTION

■ In determining if removal is proper, generally the determination that must be made is whether this court would have had original jurisdiction to hear this action if the case had been filed here instead of state court. *Caterpillar v. Williams,* 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318, 326–27 (1987); *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612, 617 (1972); 28 U.S.C. § 1332. Jurisdiction based on diversity of the parties is not at issue in this case[2], and therefore there must exist some avenue of federal question jurisdiction to maintain the action in this court. In other words, some part of the action must be one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987, 989 (1916) (Holmes, J.).

> One powerful doctrine has emerged, however—the "well-pleaded complaint rule—which as a practical matter severely limits the number of cases in which state law "creates the cause of action" that may be initiated in or removed to federal district court . . .

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420, 430–31 (1983).

### A. The Well–Pleaded Complaint Rule

■ As a consequence, the existence of a federal question will depend upon the application of the well-pleaded complaint rule. If the face of the plaintiff's complaint reveals no issue of federal law, there is no federal question jurisdiction. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429, 96 L.Ed.2d at 327 ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. at 2846, 77 L.Ed.2d at 430 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218, 1219–20 (1914)). In the case at bar, the face of the complaint reveals no federal question jurisdiction but rather actions based on state substantive law. The application of the well-pleaded complaint rule in this case does not reveal any federal question which would give this court jurisdiction over this cause.

The defendant maintains that the plaintiff's claims are governed by federal common law. *See, e.g., First Pennsylvania Bank v. Eastern Airlines, Inc.,* 731 F.2d 1113, 1122 (3rd Cir.1984); *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987). Likewise, the defendant has recently asserted that the plaintiff's claims are preempted

---

**1.** The defendant directs this court to the decision of *Angela Cummings, Inc. v. Purolator Courier Corp.,* 670 F.Supp. 92 (S.D.N.Y.1987), as well as two unpublished decisions of other sister courts, in which removal of similar cases was found to be proper. The courts in all three of these decisions found removal jurisdiction to be proper merely by reaching the conclusion that federal common law controlled the action, and further noting that federal courts have original jurisdiction over actions arising under federal common law. This court is of the opinion that those decisions are in error—as this court attempts to explain in this opinion, they fail to recognize that federal preemption does not necessarily create removal jurisdiction.

**2.** If diversity jurisdiction were at issue in this case, the determination would not greatly burden the court. This action was originally filed in a Mississippi County Court, and this court has previously ruled that the statutory jurisdictional limitations placed on Mississippi county courts, coupled with restrictions on judgment under the Mississippi Rules of Civil Procedure, effectively prevent removal of actions to federal court based on the diversity of parties. *Foster v. FMC Corporation,* Civil Action No. 2:95cv008–D–O (N.D.Miss. February 18, 1995) (ruling on plaintiff's motion to remand); *Fowler v. Leggett & Platt, Inc.,* Civil Action No. 1:93cv316–D–D (N.D.Miss. October 18, 1994) (ruling on plaintiff's motion to remand).

by § 1305 of the Airline Deregulation Act ("ADA"). 49 U.S.C. § 1305(a)(1) (Repealed 1994)[3]. If either of these assertions are true, then Federal Express is entitled to assert the defense of preemption against the plaintiff's state law claims. However, the mere fact that "preemption by federal law" is or may be raised as a defense does not permit removal to federal court:

> [I]t is now well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc. v. Williams,* 482 U.S. at 393, 107 S.Ct. at 2430, 96 L.Ed.2d at 327 (citing *Franchise Tax Board,* 463 U.S. at 12, 103 S.Ct. at 2847–48, 77 L.Ed.2d at 431). The plaintiff's claims may indeed be preempted by federal law, be it common law or statutory[4]. This court does not make that determination, for it is irrelevant whether this case was properly removed to federal court.

### B. Exceptions To The "Well–Pleaded Complaint" Doctrine

The plaintiff's complaint does not on its face reveal a federal question, and the mere fact that the defendant may assert federal law as a defense to the plaintiff's claims does not sufficiently create jurisdiction in this court. The application of the well-pleaded complaint doctrine does not establish this court's jurisdiction. The doctrine, however, like virtually every rule of law, is augmented with exceptions.

### 1. THE "ARTFUL PLEADING" DOCTRINE

■ One exception applied by federal courts is the "artful pleading" doctrine, "in which the court seeks to evaluate a plaintiff's motive for [his] failure to plead a federal cause of action." *Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1161 (5th Cir.1989). "If the court concludes that the plaintiff's failure to plead [his] federal claim was not in good faith, but rather was an attempt to conceal the fact that [his] claim was truly federal, the court will allow the removal." *Aaron,* 876 F.2d at 1161; *KVHP TV Partners, Ltd. v. Channel 12 of Beaumont, Inc.,* 874 F.Supp. 756, 759–60 (E.D.Tex.1995); *Gray v. Murphy Oil U.S.A., Inc.,* 874 F.Supp. 748, 753 (S.D.Miss.1994).

■ In the case at bar, there has been no allegation by the defendant that the plaintiff lacked good faith in the assertion of his claims, and the court can find no evidence of an illicit or otherwise improper motive on Mr. Merkel's behalf in filing this lawsuit in state court and relying on state law tort claims to the exclusion of claims arising under federal law. *See Beers v. North American Van Lines,* 836 F.2d 910, 913 (5th Cir. 1988);[5] *Wallace v. Ryan–Walsh Stevedoring*

---

**3.** The defendant correctly notes that this provision has been revised and recodified as 49 U.S.C. § 41712. For purposes of this conformity within this opinion, the court will refer to its previous incarnation as cited by the defendant.

**4.** While this court make no finding as to the preemptive effect of the ADA on the plaintiff's claims in the case at bar, the court does not believe that the resolution of the issue is necessarily a simple task, or that the state of the law in this area is well settled. *See, e.g., American Airlines, Inc. v. Wolens,* 513 U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334 (5th Cir.1995).

**5.** When the court requested additional briefs from the parties on the matter of this court's jurisdiction, the court directed the parties to the *Beers* decision because of its discussion of the "artful pleading" and "complete preemption" doctrines, as well as the law regarding the general insufficiency of a federal defense to provide removal jurisdiction. *Beers,* 836 F.2d 910, 913. The defendant sought to distinguish *Beers* because that decision was based on the application of the Carmack Amendment to the Interstate Commerce Act. The defendant has missed the point. The particular federal statute addressed in *Beers* is irrelevant to the application of the more general legal principles mentioned by this court. While not relevant to the case at bar, a later Fifth Circuit decision held that the Interstate Commerce Act preempted state law tort claims. *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306 (5th Cir.1993). The *Moffit* decision was an affirmance of a grant of summary judgment on the substance of the plaintiff's claim, and not on the sufficiency of a federal defense of preemption to justify the exercise of removal jurisdiction by a federal court. The court in *Moffit* did not even refer to the *Beers* decision. This court had hoped that the parties would address the distinc-

*Co., Inc.*, 708 F.Supp. 144, 150 (E.D.Tex. 1989). The artful pleading doctrine does not operate in this case to create federal subject-matter jurisdiction.

### 2. THE "COMPLETE PREEMPTION" DOCTRINE

■ Another avenue for establishing removal jurisdiction is the doctrine of complete preemption. *Caterpillar*, 482 U.S. at 391, 107 S.Ct. at 2428–29, 96 L.Ed.2d at 326–27; *Aaron*, 876 F.2d at 1161. In some instances, federal law can so completely preempt state law that the plaintiff's complaint must be considered as stating a federal cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Aaron*, 876 F.2d at 1161. The complete preemption doctrine applies regardless of the good faith, or lack thereof, of the plaintiff. *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519, 523 (S.D.Tex.1993).

### a. UNDER FEDERAL COMMON LAW

■ It is important to note that the defendant asserts in its removal petition as the basis for removal that federal **common law** controls the plaintiff's claim. In every case where the complete preemption doctrine has been applied, the preemptive force of a federal **statute** was found to warrant removal. *E.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA completely preempts state law claims); *Franchise Tax Board*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (LMRA completely preempts state law claims); *Cf. Anderson v. American Airlines, Inc.*, 2 F.3d 590, 598 (5th Cir.1993) (Aviation Act does not completely preempt claims); *Aaron*, 876 F.2d at 1161 (LHWCA does not completely preempt state law claims). Discussion by the courts who have applied the complete preemption doctrine, as well as the test under Fifth Circuit law which determines its applicability, illustrates that a statute is required in order for the doctrine to apply:

tion between federal preemption as a defense to a plaintiff's state law claim and "complete pre-

On occasion, the Court has concluded that the preemptive force **of a statute** is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

*Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430, 96 L.Ed.2d at 327 (emphasis added).

If there is no clear evidence **of congressional intent** to create removal jurisdiction through preemption, the case should be remanded to state court.

*Sullivan v. Leaf River Forest Products, Inc.*, 791 F.Supp. 627, 632 (S.D.Miss.1991) (emphasis added) (citing *Aaron*, 876 F.2d at 1163).

"**Congress may so completely preempt** a particular area that any civil complaint raising this select group of claims is necessarily federal in character," and the case may be removed even if no federal claim is asserted in the complaint and federal preemption, raised as a defense, is the only issue of federal law implicated in the case.

*Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311, 1315 (5th Cir.1994) (emphasis added) (citing *Metropolitan Life*, 481 U.S. at 62–64, 66–67, 107 S.Ct. at 1546, 1548, 95 L.Ed.2d 55 (1987)).

We have required there to be "a **clearly manifested congressional intent** to make state claims removable to federal court."

*Anderson v. American Airlines, Inc.*, 2 F.3d 590, 598 (5th Cir.1993) (emphasis added) (citing *Beers*, 836 F.2d at 913 n. 3). When the defendant asserts that federal **common law** preempts the plaintiff's claim, there is no congressional intent which the court may examine—and therefore congressional intent to make the action removable to federal court cannot exist. When considering the test utilized by the Fifth Circuit, while state law claims of the plaintiff may or may not be preempted by federal common law, they cannot be "completely preempted" in order to permit removal to this court.

### b. UNDER THE AIRLINE DEREGULATION ACT

■ In its last submission to this court, the defendant for the first time has

emption" by federal law as a grounds for removing a plaintiff's state law claim to federal court.

asserted that § 1305 of the Airline Deregulation Act preempts the plaintiffs claims. 49 U.S.C. § 1305(a)(1). The failure to include this ground for removal in the removal petition is itself sufficient reason not to exercise jurisdiction on this ground, for the defendant has the burden of establishing, at the time of removal, that the exercise of removal jurisdiction is proper. In determining whether removal was proper, this court must consider the pleadings as they existed at the time of removal. *Smith v. City of Picayune,* 795 F.2d 482, 485 (5th Cir.1986).

■■■■ In any event, the Airline Deregulation Act cannot serve to create removal jurisdiction in this case. Preemption of state law by federal law can occur in various ways [6], but preemption so complete as to permit removal can occur is not so common. "It is not sufficient to allege, or even show, as [the defendant] has attempted, that an area is completely preempted by state law." *City of New Orleans v. Portion of Square 205,* 866 F.Supp. 969, 974 (E.D.La.1994) (citing *Willy v. Coastal Corp.,* 855 F.2d 1160, 1166–67 (5th Cir.1988)). To completely preempt federal law so that removal jurisdiction is created, the Fifth Circuit has employed a three-part inquiry:

> First, the federal statute must provide a civil enforcement provision that creates a federal cause of action that replaces and protects the same interests as the preempted state law cause of action. Second, the federal statute must provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by that federal statute. Finally, there must exist clear congressional intent to make the preempted state claims removable to federal court.

*Brown,* 813 F.Supp. at 523–24; *see Aaron,* 876 F.2d at 1161–66. However, the fact that a litigant will be left without a remedy if the action is preempted is not a proper consideration. *Caterpillar,* 482 U.S. at 391 n. 4, 107 S.Ct. at 2429 n. 4, 96 L.Ed.2d at 326 n. 4. As noted, a requirement under the *Aaron* rubric is that the statute create a federal cause of action. Many federal courts have found that the preemption provision of the ADA creates no private right of action, and this court is aware of no decision to the contrary. *See, e.g., Air Transport Ass'n of America v. Public Utilities Comm'n,* 833 F.2d 200, 207 (9th Cir.1987); *Montauk–Caribbean Airways, Inc. v. Hope,* 784 F.2d 91, 97 (2nd Cir.), *cert. denied,* 479 U.S. 872, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986); *Lawal v. British Airways,* 812 F.Supp. 713 (S.D.Tex.1992).

■■ Interestingly, Fifth Circuit cases decided after the *Aaron* decision have not referred to all three parts of this analysis, but have only looked for "manifest congressional intent" to make the claim removable—making no reference to the other factors. *See, e.g., Anderson,* 2 F.3d at 598; *Willy,* 855 F.2d at 1166; *Beers,* 836 F.2d at 913 n. 3; *see also Metropolitan Life,* 481 U.S. at 64–68, 107 S.Ct. at 1547–48, 95 L.Ed.2d at 64–65. A sister court in Louisiana has already adequately explained what is sufficient to locate such intent:

> There are few federal statutes with the preemptive power to convert a state action into one stating a federal claim for purposes of establishing federal removal jurisdiction, but two examples are § 502(f) of [the] Employee Retirement Income Security Act (ERISA) and § 301(a) of the Labor Management Relations Act (LMRA). [cites omitted]. In both of these laws Congress included specific provisions which manifest congressional intent that certain types of actions be deemed to have arisen under federal law. Section 502(f) of ERISA provides:
>
> > The district courts of the Untied States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

---

**6.** In contrast to "complete preemption, a state law claim can be preempted by federal law in four ways: 1) where there is outright or actual conflict between federal and state law; 2) where compliance with both federal and state law is in effect physically impossible; 3) where there is implicit in federal law a barrier to state regulation; and 4) where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law." *Brown,* 813 F.Supp. at 525 n. 4.

**568**

29 U.S.C. § 1132(f). Similarly, Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

*City of New Orleans Broadcasting,* 866 F.Supp. at 974–75. In contrast, § 1305(a)(1) expressly preempts the States from "enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier ..," without expressly providing that federal courts will have original jurisdiction over such matters. 49 U.S.C. § 1305(a)(1) (Repealed 1994).[7] Further, the Aviation Act contains a savings provision, which provides that "[n]othing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." 49 U.S.C. § 1506 (Repealed 1994).[8] The lack of specific language creating jurisdiction in the federal courts, coupled with the savings provision, is particularly important here. The court in *City of New Orleans Broadcasting* found no evidence of the pertinent congressional intent in the Aviation Act. Likewise, Federal Express has not directed this court to, nor can this court find, any evidence of congressional intent in the ADA to make claims such as those at bar removable to federal court. While there is clearly evidence of congressional intent in the statute to preempt some claims arising under state law, this intent is not the subject of the court's inquiry—what is required is congressional intent to make those claims removable to federal court.

---

**7.** The revised and recodified version of § 1305(a)(1) provides that the States "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier ..." 49 U.S.C. § 41713 (Supp.1995).

*CONCLUSION*

The plaintiff has asserted in his complaint only claims arising under state law. The defendant has not carried his burden of proof to establish that removal in this case was proper, for this court finds that neither the artful pleading doctrine nor the complete preemption doctrine creates removal jurisdiction based upon a federal question in this case. The defendant has not demonstrated any other justification for the exercise of removal jurisdiction in this matter. This cause shall be remanded to the County Court of Coahoma County, Mississippi.

---

**8.** The revised and recodified version of this statute simply reads: "A remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c) (1995 Supp.).