**Della WRIGHT, Plaintiff,**

v.

**COMBINED INSURANCE COMPANY OF AMERICA and Tammy Steele, Defendants.**

**Civil Action No. 4:96cv305–D–B.**

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 3, 1997.

---

Pat M. Barrett, Jr., Lexington, MS, for Plaintiff.

Helen J. Alford, Mobile, AL, for Defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

The present cause is before the court upon the motion of the plaintiff to remand this matter to the Circuit Court of Leflore County, Mississippi. Finding that the motion is well taken, the same shall be granted.

### I. Generally

The plaintiff instituted this cause by filing her complaint on September 5, 1996 in the Circuit Court of Leflore County, Mississippi. The defendant Combined Insurance Company of America ("Combined"), subsequently filed a "Notice of Removal" on October 7, 1996, and removed the action to this court. Plaintiff Della Wright moved on November 11, 1996 to remand this cause to state court, and the defendant Combined has responded to that motion.[1]

---

1. When the defendant Combined filed its response to the plaintiff's motion to remand with the clerk of the court, it failed to forward to the undersigned a copy of its motion and memorandum in support. When the court contacted counsel for this defendant, counsel apologized and immediately forwarded the documents to chambers. Included with the later submission was a cover letter which stated in part "we inadvertently failed to send you a courtesy copy ..." Counsel is reminded that the submission of these documents is not a courtesy to the court,

## II. Standard for Motion to Remand

This court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993); 28 U.S.C. § 1447. An objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings, and may even be raised by the court *sua sponte*. *See Mall v. Atlantic Fin. Fed.*, 127 F.R.D. 107 (W.D.Pa.1989); *Glaziers, Glass Workers of Jacksonville v. Florida Glass and Mirror of Jacksonville*, 409 F.Supp. 225, 226 (M.D.Fla.1976); 28 U.S.C. § 1447. Nevertheless, this court has no discretionary authority to remand federal-law actions to a state court. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 304 (5th Cir.1993); *Buchner v. F.D.I.C.*, 981 F.2d 816, 817 (5th Cir.1993); *In re Wilson Indust.*, 886 F.2d 93, 96 (5th Cir. 1989). The court in *Buchner* noted that there are only three situations under statute in which a federal trial court may remand a claim to state court. *Buchner*, 981 F.2d at 819. Those circumstances are: (1) a trial court has discretion to remand state law claims that were removed along with one or more federal question claims; (2) it must act on a timely motion to remand based on a defect in removal procedure; and (3) it must remand a case over which it has no subject matter jurisdiction. *Id.* A district court exceeds its authority when it remands a case on grounds not permitted by statute. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976); *Buchner*, 981 F.2d at 820. There is a single exception to the *Thermtron* rule, and that exception is "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988). In *Carnegie–Mellon*, the court determined that retaining jurisdiction was inappropriate where only pendent state law claims remained to be decided after all federal claims had been dropped. *Carnegie–Mellon*, 484 U.S. at 354–56, 108 S.Ct. at 621–22.

When making determinations of whether remand is necessary, the defendant is the party who bears the burden of establishing that the removal to federal court is proper. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir.1981). Further, the removal statutes are strictly construed, and all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979). In the case at bar, the defendant Combined asserts that this court has jurisdiction over the present action based upon diversity of citizenship among the parties, and also has original federal question jurisdiction over the plaintiff's claims. Therefore, it carries the burden of establishing federal jurisdiction in this action.

## III. Discussion

### A. The Defendant's Amended Notice of Removal

Combined has also moved this court to file an "Amended Notice of Removal" in this cause. A removing defendant may freely amend his notice of removal within the thirty (30) day period set forth in 28 U.S.C. § 1446(b) for the original filing of a notice of removal. *See, e.g., Wormley v. Southern Pac. Transp. Co.*, 863 F.Supp. 382, 385 (E.D.Tex.1994); *Zaini v. Shell Oil Co.*, 853 F.Supp. 960, 964 n. 2 (S.D.Tex.1994); *Energy Catering Servs., Inc. v. Burrow*, 911 F.Supp. 221, 222 (E.D.La.1995). If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal. *Wormley*, 863 F.Supp. at 385; *Zaini*, 853 F.Supp. at 964 n. 2; *Energy Catering*, 911 F.Supp. at 223. Amendments in

but a duty. Indeed, this court's local rules require submission of these documents to the undersigned, and the failure to do so may result in

"appropriate sanctions." Uniform Local Rule 8(d).

this context are governed by 28 U.S.C. § 1653, which states "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

■ In the case at bar, Combined did not file its request to file an Amended Notice of Removal until December 10, 1996, and therefore the request falls well outside the thirty (30) day period set forth in 28 U.S.C. § 1446(b). Upon review of the defendant's motion and Amended Notice, the court finds that the defendant is not seeking to allege a new ground for the exercise of jurisdiction by this court, but instead is merely seeking to clarify the allegations contained in the original notice. The original notice contained the charge that complete diversity of citizenship existed between the parties, but failed to identify the citizenship of defendant Tammy Steele. The Amended Notice contains particular allegations of Ms. Steele's citizenship. Lastly, the court observes that the plaintiff has not formally opposed the defendant's request to file an amended notice. Therefore, the motion of the defendant to file an "Amended Notice of Removal" shall be granted.

### B. Diversity Jurisdiction

#### 1. Removal before service of non-diverse parties

■ In her motion to remand, the plaintiff argues that:

> Although Combined does not explicitly state the basis of its contention that complete diversity exists between the parties to this lawsuit, it does not contend that Defendant Steele was fraudulently joined. Rather, it implicitly argues that diversity exists because Plaintiff has not yet served her complaint upon Defendant Steele.

Plaintiff's Brief, p. 3. Combined does not appear to rely heavily upon this contention, if at all, as it does not address this matter in its response to the plaintiff's motion. In any event, as the plaintiff correctly notes, such a contention is without merit. The fact that a non-diverse party has yet to be served with process has no effect upon the propriety of removal. *Pullman Co. v. Jenkins*, 305 U.S.

534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Insinga v. LaBella*, 845 F.2d 249, 255 (11th Cir.1988); *Bourque v. Nan Ya Plastics Corp.*, 906 F.Supp. 348, 352 (M.D.La.1995); *Horton v. Scripto–Tokai Corp.*, 878 F.Supp. 902, 906 (S.D.Miss.1995). This fact will alone be insufficient to warrant this court's retention of the present action.

#### 2. Diversity of the parties

Combined relies more heavily upon the argument that complete diversity exists among the parties to this action. The citizenship of defendant Tammy Steele is central to this position of Combined. In her complaint, the plaintiff alleges that Ms. Steele is a citizen of the State of Mississippi, making her a non-diverse defendant and thereby defeating diversity jurisdiction. Combined argues that Ms. Steele is in fact a citizen of the state of Alabama, and therefore her presence in this action does not defeat diversity jurisdiction.

The parties do not appear to dispute the fact that Ms. Steele was at least at one time an Alabama citizen. Argument arises, however, as to whether her citizenship changed prior to the institution of this action. Ms. Steele herself asserts in effect that she remains a citizen of Alabama, and Combined has submitted to this court Ms. Steele's affidavit in which she maintains that:

1. she possesses and maintains an Alabama driver's license.

2. has registered to vote in the state of Alabama; and

3. resides at 612 Dearborn Avenue, Muscle Shoals, Alabama 35661, and has resided at that address for more than three years

4. has at all times considered Alabama as her permanent address and residence.

5. while at one time maintained an apartment in Mississippi as a "business address," she no longer does so.

Exhibit "A" to Defendant Combined's Response, Affidavit of Tammy Steele. The plaintiff, however, has presented proof to this court that in June of 1996, Ms. Steele applied for and later received, a *resident* license in Mississippi for the sale of insur-

ance. In her application, Ms. Steele lists her resident address as 2424 Lawrence Hazel Road, Lawrence, Mississippi 39336. Further, the presented proof indicates that Ms. Steele canceled her Alabama insurance sales license that same month. She is currently listed with the Mississippi Insurance Department as holding a resident license, and her resident address *as maintained by the Mississippi Insurance Department* remains 2424 Lawrence Hazel Road, Lawrence, Mississippi 39336.[2]

█ In order to establish subject-matter jurisdiction in this court based upon diversity of citizenship between the parties, the parties must be completely diverse (i.e., no plaintiff may be a domiciliary of the same state as any defendant) and the amount in controversy must exceed $50,000.00.[3] 28 U.S.C. § 1332; *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814 (5th Cir.1993); *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir.1992). The general rule is that diversity of citizenship is determined at the commencement of a lawsuit. *Harris v. Black Clawson Co.,* 961 F.2d 547, 549 (5th Cir.1992); *Zurn Indus., Inc. v. Acton Const. Co.,* 847 F.2d 234, 236 (5th Cir. 1988); *Seafoam, Inc. v. Barrier Systems, Inc.,* 830 F.2d 62, 66 (5th Cir.1987). Any subsequent events, such as a change in citizenship, will not divest this court of subject-matter jurisdiction. *Freeport McMoRan, Inc. v. K.N. Energy, Inc.,* 498 U.S. 426, 428–29, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991); *Zurn,* 847 F.2d at 236. However, any such subsequent events may be relevant as reflective of intent at the time of the commencement of this action.

█ Ms. Steele's testimony is not the controlling factor in this determination. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 556 (5th Cir.1985). "[S]tatements of intent are entitled to little weight when in conflict with the facts." *Freeman,* 754 F.2d

at 556 (quoting *Hendry v. Masonite Corp.,* 455 F.2d 955, 956 (5th Cir.1972)). Domicile, then, is determined by looking at the objective facts. *Freeman,* 754 F.2d at 556.

█ Ms. Steele states that she has registered to vote in Alabama, but she does not state when she so registered nor even if she has ever exercised the right to vote in an Alabama election. She states that she maintains an Alabama driver's license, and this is in the defendant's favor. However, her statement that she has resided in Alabama for the last three years is directly at odds with her application for and receipt of a Mississippi resident insurance sales license. There is little other evidence before the court. For example, there is no evidence of Ms. Steele's payment of taxes or purchase of automobile tags. When looking to the objective facts, and considering that all doubts are to be decided against the establishment of removal jurisdiction, this court cannot say that the defendant has carried its burden to prove diversity jurisdiction by a preponderance of the evidence in this case. Diversity jurisdiction will not serve to place the present cause properly before this court.

C. Federal Question Jurisdiction—Preemption

1. Pre-emption of plaintiff's claims by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")

a. Preemption

█ This court need not decide whether the plaintiff's claims are preempted by federal law. If such preemption exists, it is available as a defense to the plaintiff's state-law claims. However, the mere fact that a defendant is entitled to assert a federal law defense does not likewise entitle that

---

2. If Ms. Steele does in fact no longer maintain an apartment in Mississippi, then she is obliged to inform the Mississippi Insurance Commissioner of her change in residence. Miss.Code Ann. § 83–17–127. Her failure to do so subjects her to criminal misdemeanor liability. Miss.Code Ann. § 83–17–133. The documents presented to this court indicate that the Mississippi Insurance Department's records reflect a Mississippi residence for Ms. Steele as of December 3, 1996.

3. In light of recent congressional action, the amount in controversy requirement has been increased from $50,000.00 to $75,000.00. However, this increase of the jurisdictional amount applies only to cases filed on or after January 17, 1997. *See* Federal Courts Improvement Act of 1996, § 205, Pub.L. No. 104–317, 110 Stat. 3847, 3850 (1996).

defendant to remove the action to federal court:

> [I]t is now well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is on the only question truly at issue.

*Caterpillar v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318, 327 (1987) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420, 431 (1983)); *see also Merkel v. Federal Express Corp.,* 886 F.Supp. 561, 565 (N.D.Miss.1995). Rather, in order for preemption to serve as a basis for removal, the plaintiff's claims must be *completely* preempted by federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Merkel,* 886 F.Supp. at 566.[4] Combined, in recognition of the fact, argues to the court that the plaintiff's claims are indeed completely preempted.

### b. Complete Preemption

■ While preemption of state law by federal law may be accomplished in various ways[5], the "complete" preemption of state law is not as common. "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character . . . ." *Anderson v. Electronic Data Systems Corp.,* 11 F.3d 1311, 1315 (5th Cir.1994) (citing *Metropolitan Life,* 481 U.S. at 62–64,

107 S.Ct. at 1546, 1548, 95 L.Ed.2d 55). However, in order to *completely* preempt state law so as to permit removal to federal court, a federal statutory scheme must:

1) provide a civil enforcement provision that creates a federal cause of action that replaces and protects the same interests as the preempted state law causes of action;

2) provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and

3) reflect a clear Congressional intent to make the preempted state claims removable to federal court.

*Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1164–65 (5th Cir.1989); *City of Laredo v. Texas Mexican Ry. Co.,* 935 F.Supp. 895, 897 (S.D.Tex.1996); *Merkel,* 886 F.Supp. at 566; *Brown v. Crop Hail Management,* 813 F.Supp. 519, 523–24 (S.D.Tex. 1993).[6]

■ The defendant in this case would have this court utilize the Fifth Circuit's reasoning in the decision of *Trans World Airlines, Inc. v. Mattox,* 897 F.2d 773, 787 (5th Cir.1990). In *Trans World Airlines,* the Fifth Circuit found that the Airline Deregulation Act of 1978 completely preempted that plaintiff's state law claims by the mere fact that Congress had included an express preemption provision within the statute. *Trans World Airlines,* 897 F.2d at 787. However, *Trans World Airlines* never mentioned nor discussed the *Aaron* decision and its essential requirements for complete preemption. *See Trans World Airlines,* 897 F.2d at 787; *Aaron,* 876 F.2d at 1163–65; *Rodriguez v. Shell Oil Co.,* 818 F.Supp. 1013, 1015–18

---

**4.** In *Merkel,* this court was faced with the contention that the Airline Deregulation Act preempted the plaintiff's state law claims to the extent that removal to this court was proper. *Merkel,* 886 F.Supp. at 567.

**5.** In contrast to "complete preemption," a state law claim can be preempted by federal law in four ways: 1) where there is outright or actual conflict between federal and state law; 2) where compliance with both federal and state law is in effect physically impossible; 3) where there is implicit in federal law a barrier to state regulation; and 4) where Congress has legislated com-

prehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law. *Brown,* 813 F.Supp. at 525 n. 4.

**6.** For a more detailed discussion of the complete preemption doctrine and the various approaches taken by the various circuits, see Karen A. Jordan, *The Complete Preemption Dilemma: A Legal Process Perspective,* 31 Wake Forest L.R. 927 (Winter 1996). Ms. Jordan also notes the divergent views taken by the Fifth Circuit in the *Trans World Airlines* and *Aaron* decisions.

(S.D.Tex.1993). As *Trans World Airlines* was a panel decision, it cannot overrule the decision of the prior [7] panel in *Aaron.* "In the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another." *Heitkamp v. Dyke,* 943 F.2d 1435, 1442–43 (5th Cir.1991); *See also Texaco Inc. v. Louisiana Land and Exploration Co.,* 995 F.2d 43, 44 (5th Cir.1993); *Smith v. Penrod Drilling Corp.,* 960 F.2d 456, 459 n. 2 (5th Cir.1992). Regardless, the undersigned believes that the *Aaron* analysis is the correct one to be utilized in this context and is more in line with the relevant United States Supreme Court decisions, and shall not apply the "complete preemption" doctrine in a more expansive manner than required.

■ As already noted, part of the *Aaron* inquiry delves into whether Congress intended to create a new federal cause of action. For example, such an intent to create a new federal cause of action is reflected in both ERISA and in the LRMA:

> The district courts of the United States *shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties,* to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f) (Section 502 of ERISA) (emphasis added).

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, *without respect to the amount in controversy or the citizenship of the parties.*

29 U.S.C. § 185(a) (Section 301 of LMRA) (emphasis added). In both of these instances, it is clear that Congress intended to create entirely new causes of action over which the federal courts would have original jurisdiction. In HIPPA, the undersigned cannot find any "manifest congressional intent" to create a new federal cause of action which is removable to federal court. Further, the only relevant provisions of the Act relate to its preemptive effect of state law, *but not* to the complete preemption factors dictated by *Aaron.* The undersigned cannot find either of the first two *Aaron* elements in HIPPA—i.e., a civil enforcement provision or a specific jurisdictional grant to the federal courts. Again, this court must stress that the fact that state law claims may be preempted under HIPPA is not conclusive as to whether those claims are removable to this court. Rather, today's ruling of the court is limited to the specific issue of whether the plaintiff's state law claims are "completely preempted" so as to allow removal of those claims to this court. It is the opinion of the undersigned that they are not and that removal to this court of those claims was improper.

2. Plaintiff's claims as arising under the federal Medicare and Medicaid statutes

■ Alternatively, Combined argues that the plaintiff's claims "arise under" the federal Medicare and Medicaid statutes and therefore present federal question jurisdiction for this court. In her complaint, the plaintiff alludes to provisions of the Medicare and Medicaid statutes, but she does not assert claims "arising under" those statutes. The mere fact that disposition of the plaintiff's claims may require some interpretation of those statutes is insufficient to vest this court with jurisdiction. An action

> may arise under federal law "if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." But, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."

**7.** The reasoning utilized in *Trans World Airlines* was in fact espoused in an earlier Fifth Circuit decision. *Texas Employers' Ins. Ass'n v. Jackson,* 820 F.2d 1406, (5th Cir.1987), vacated, 862 F.2d 491 (5th Cir.1988). *Jackson* carries no precedential weight, however, as that opinion was vacated when the Fifth Circuit disposed of it upon *en banc* rehearing. *Jackson,* 862 F.2d 491 (5th Cir.1988).

*Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (citations omitted). The United States Supreme Court has clarified this point:

First, petitioner contends that the case represents a straightforward application of the statement in *Franchise Tax Board* that federal-question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Board,* however, did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Indeed, in determining that federal-question jurisdiction was not appropriate in the case before us, we stressed Justice Cardozo's emphasis on principled, pragmatic distinctions: " 'What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of causation ... a selective process which picks the substantial causes out of the web and lays the other ones aside.' "

*Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986) (citations omitted). After determining that the statute in question in the case did not provide a federal law remedy for its breach, the court stated:

We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235, 92 L.Ed.2d at 662. Likewise, there are no federally created remedies under the Medicare and Medicaid statutes which would be available to the plaintiff in this case. The absence of a federally-created remedy not only precludes a finding by this court that removal is proper pursuant to the "complete preemption" doctrine, but also that the plain-

tiff's claims require "resolution of a substantial question of federal law" sufficient to permit removal to this court under the Medicaid and Medicare statutes. *See, e.g., Grace v. Interstate Life & Acc. Ins. Co.,* 916 F.Supp. 1185, 1191 (M.D.Ala.1996); *Burke v. Humana Ins. Co.,* 1995 WL 841678 (M.D.Ala. May 11, 1995). This court concludes just as the Supreme Court did in *Merrell Dow* that the congressional choice not to provide a federal remedy dictates a finding that the mere interpretation of the Medicare and Medicaid statutes as an essential portion of the plaintiff's claims does not confer upon this court original jurisdiction over those state law claims.

IV. Conclusion

After careful consideration of the submissions of the parties in this matter and in recognition of the fact that all doubts are to be decided against a proper removal, this court determines that the defendant Combined has failed to carry its burden to demonstrate that this court possesses subject matter jurisdiction over the case at bar. The motion of the defendant to file an amended notice of removal shall be granted, and the motion of the plaintiff to remand this cause shall be granted.

A separate order in accordance with this opinion shall issue this day.