Ralph LAUDERDALE, individually and as next of kin of Deborah Lauderdale, deceased, Plaintiff,

v.

MERCK & COMPANY, INC.; Dwight A. Johnson, M.D.; Karen Holly; et al., Defendants.

No. 1:02CV191–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Aug. 14, 2002.

See also 2002 WL 449423.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for Ralph Lauderdale.

Kari Louise Foster, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Memphis, TN, for Merck & Co.

Sias W. McCharen, Daniel, Coker, Horton & Bell, Jackson, MS, for Pfizer, Inc.

Robert K. Upchurch, Holland, Ray, Upchurch & Hillen, Tupelo, MS, for Dwight A. Johnson.

## OPINION GRANTING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Prentiss County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A. Factual Background

The Plaintiff, a Mississippi resident, filed this action in the Circuit Court of Prentiss County, Mississippi, on September 7, 2001, alleging various state law causes of action arising out of his deceased wife's use of Vioxx and Celebrex, drugs used to treat arthritis. The drug Vioxx is manufactured, marketed, and sold by the Defendant Merck & Company, Inc.; the drug Celebrex is manufactured, marketed, and sold by the Defendants G.D. Searle and Co., Pharmacia, Inc., Monsanto Company, and Pfizer, Inc. The Defendant Dr. Dwight Johnson prescribed Vioxx for the Plaintiff's wife in December of 1999; he subsequently prescribed Celebrex for her in February of 2000. The Decedent's prescriptions were filled by the Defendant Karen Holly, a pharmacist in Prentiss County. The Plaintiff's wife later died as a result of taking Celebrex and Vioxx.

In the complaint, the Plaintiff alleges, inter alia, that the Defendants' conduct renders them liable under various causes of action including negligence, products liability, and medical malpractice. The Defendants removed the action to this court on November 8, 2001, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff subsequently motioned the court to remand this matter to state court.

The court granted the Plaintiff's motion on February 4, 2002, and this case was remanded. Lauderdale v. Merck & Co., Inc., No. 1:01CV418D–B, 2002 WL 449423 (N.D.Miss. Feb.4, 2002). On June 5, 2002, the Defendants once again removed the case to this court, again asserting diversity of citizenship as the jurisdictional basis for removal. In the notice of removal, the Defendants argue that the Plaintiff's failure to serve either Dr. Johnson or Karen Holly with process within 120 days of the filing of the complaint renders them fraudulently joined, although both Johnson and Holly were eventually served. On July 2, 2002, the Plaintiff motioned the court to remand this matter to the Circuit Court of Prentiss County.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal of the case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(c).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir.1996). In this case, there is no dispute that the amount

in controversy exceeds $75,000.00. The Plaintiff, however, asserts that the court does not possess diversity·jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

As the court has previously noted, the Plaintiff and the two individual Defendants, Dr. Dwight Johnson and Karen Holly, are indisputably resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiff fraudulently joined both Johnson and Holly in order to defeat diversity. *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). But, if the court finds that either Johnson or Holly have not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir.1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 361 (N.D.Miss.1997).

■ The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts," or that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant[s] in state court." *Hart,* 199 F.3d at 246. In connection with this inquiry, the Fifth Circuit has made clear that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d

100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

■ The Defendants here do not allege outright fraud, so the court must determine whether there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against Johnson or Holly in state court due to the Plaintiff's failure to serve them with process within 120 days after the filing of the complaint. In making this determination, the court evaluates all of the factual allegations in the Plaintiff's pleadings in the light most favorable to the Plaintiff, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiff. *Hart,* 199 F.3d at 246.

Further, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiff will prevail on the merits of his claims. Instead, the court determines whether there is a possibility that the Plaintiff will be able to state a claim against either Johnson or Holly, the allegedly fraudulently joined individual Defendants. *Rodriguez,* 120 F.3d at 591; *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded).

In this, their second attempt at removing this case, the Defendants do not reargue their traditional fraudulent joinder argument which was previously considered and rejected by this court. Rather, the Defendants argue that the Plaintiff has fraudulent joined the Defendants Johnson and Holly because those two Defendants were served with process beyond the 120

day deadline. Accordingly, argue the Defendants, there is no possibility that the Plaintiff will be able to state a claim against either Johnson or Holly, and they must be dismissed from this lawsuit, thereby giving this court federal diversity jurisdiction over this cause.

As set forth below, however, the court finds that the Defendants have not established that there is no possibility that the Plaintiff will be able to state a claim against the individual Defendant Dr. Dwight Johnson. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## C. Discussion

█ While the final deadline for a defendant to seek removal of an action based upon diversity jurisdiction is one year after the commencement of the action, defendants are not necessarily limited to one attempt at removal during the one year period; instead, defendants may seek to remove a case a second time during the one year period provided that the second removal rests upon different grounds. 28 U.S.C. § 1446(b); *S.W.S. Erectors, Inc. v. Infax,* 72 F.3d 489, 492–93 (5th Cir.1996). The same theory of federal jurisdiction may be pled in the second notice of removal, provided only that different facts support it. *S.W.S.,* 72 F.3d at 493. Here, the court assumes, *arguendo,* that the Defendants' second removal of this cause meets all the procedural requirements for removal as set forth in 28 U.S.C. § 1446(b), and that the second notice of removal has been timely filed.

The Defendants' removal of this cause, however, runs directly contrary to established United States Supreme Court and Fifth Circuit authority holding that "the fact that [a] resident defendant has not been [timely] served with process does not justify removal by the non-resident defen-

dants." *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 883 (5th Cir.1998). The Fifth Circuit makes the point clearly in *New York Life,* holding that:

> [A Defendant's] non-diverse citizenship cannot be ignored simply because he was an unserved [or untimely served] defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, *the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.*

*New York Life,* 142 F.3d at 883 (emphasis added). While the Supreme Court has held that removing defendants should be provided an opportunity to demonstrate that an unserved, non-diverse defendant has been joined in bad faith, that showing involves the traditional fraudulent joinder analysis, an argument that has already been considered and rejected by this court in this case. *Pullman,* 305 U.S. at 541, 59 S.Ct. 347; *Lauderdale,* No. 1:01CV418D-B, 2002 WL 449423, at *3 (N.D.Miss. Feb.4, 2002).

The Plaintiff has served the non-diverse individual Defendants with process, albeit beyond the 120 day deadline. Both the Mississippi and Federal Rules of Civil Procedure, particularly when considered in the light most favorable to the Plaintiff, make clear that such a scenario does not render the Plaintiff with "absolutely no possibility of recovery" against the late-served defendants, but rather with an opportunity to present the court with evidence of good cause for the delay. *See* Fed.R.Civ.P. 4(m); Miss.R.Civ.P. 4(h)

(stating that claims pending against unserved defendants shall not be dismissed unless plaintiff fails to show good cause for the delay); *Jamison v. Kerr–McGee,* 151 F.Supp.2d 742, 748 (S.D.Miss.2001). Accordingly, and pursuant to the above-cited authority, the court finds that the Plaintiff's motion to remand should be granted.

The Defendants can obviously move the state court to dismiss the individual Defendants pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure, a motion that could have been made several months ago. The Defendants chose not to pursue that option, however. Instead, they waited until the deadline for service had passed and then removed this case on the very day that Dr. Johnson was served, with the Defendant Holly being served ten days later. And, as both the Supreme Court and the Fifth Circuit have made abundantly clear, "the fact that [a] resident defendant has not been served with process does not justify removal by the non-resident defendant." *Pullman,* 305 U.S. at 541, 59 S.Ct. 347; *New York Life,* 142 F.3d at 883.

As for the merits of the Plaintiff's claims, the court reiterates its previous holding that Dr. Johnson faces potential liability for his actions because the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against Johnson in state court. *Lauderdale,* No. 1:01CV418D–B, 2002 WL 449423, at *3 (N.D.Miss. Feb.4, 2002).

### D. Conclusion

In sum, the Plaintiff's complaint, taking all allegations set forth as true and resolving all uncertainties of the relevant state law in favor of the Plaintiff, at least raises the possibility that he could succeed in establishing a tort claim against the Defendant Dr. Johnson in state court. Accordingly, Johnson's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Prentiss County for ultimate resolution. A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motion to remand (docket entry 13) is GRANTED;

(2) this cause is hereby REMANDED to the Circuit Court of Prentiss County, Mississippi; and

(3) ruling upon the remaining pending motions in this cause (docket entries 8, 14) is hereby RESERVED for the state court upon remand.